## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 24-9074 FMO (BFMx)** | Date | **June 16, 2025** |
|---|---|---|---|

| Title | **Adriana Martin, et al. v. FCA US, LLC** |
|---|---|

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order Re: Motion to Remand**

On September 17, 2024, Adriana Martin and Antonio Ayllon ("plaintiffs") filed a complaint in the Los Angeles County Superior Court ("state court") against FCA US, LLC ("defendant"), asserting breach of warranty claims for violations of California's Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq., and for fraudulent inducement. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1-2); (Dkt. 1-1, Exh. A, Complaint). Plaintiffs' claims arise from their purchase of a 2020 Chrysler Pacifica Hybrid in February 2021, (see Dkt. 1-1, Complaint), which they allege contained or developed "defects and nonconformities." (See id. at ¶¶ 7, 12). Plaintiffs seek, among other things, (1) damages; (2) restitution; (3) a "civil penalty in the amount of two times Plaintiffs' actual damages[;]" (4) punitive damages; and (5) attorney's fees. (See id. at Prayer for Relief).

On October 21, 2024, defendant removed the action on the basis of diversity jurisdiction. (See Dkt. 1, NOR at ¶¶ 3, 11-32). Now pending is plaintiffs' Motion to Remand (Dkt. 10, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiffs' Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32-33, 123 S.Ct. 366, 369-70 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 24-9074 FMO (BFMx)** | Date | **June 16, 2025** |
|---|---|---|---|
| Title | **Adriana Martin, et al. v. FCA US, LLC** | | |

otherwise stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct.  at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

Plaintiffs contend that defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  (See Dkt. 10-1, Memorandum of Points and Authorities ("Memo") at ECF 13-24).[2]  The court disagrees.  In connection with the NOR, defendant submitted the Retail Installment Sale Contract ("RISC") (see Dkt. 1-1, Exh. F at ECF 83), and calculated the damages amount by omitting the manufacturer's rebate and $13,951.83

---

[1]  For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2]  Because the Memo is not numbered, the court refers to the ECF-generated page number reflected at the top of the document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-9074 FMO (BFMx)** | Date | **June 16, 2025** |
|---|---|---|---|
| Title | **Adriana Martin, et al. v. FCA US, LLC** | | |

in "mileage offset"[3] from the price paid for the vehicle and finance charges.  (See Dkt. 1. NOR at ¶ 19).  As noted above, plaintiffs seek, among other things, restitution and a "civil penalty in the amount of two times Plaintiffs' actual damages."  (See Dkt. 1-1, Exh. A, Complaint at Prayer for Relief).   This alone establishes the required amount in controversy.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiffs' Motion to Remand **(Document No. 10)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3]  Plaintiffs contend that the mileage offset is "speculative" because defendant has failed to show that the "35,654 mileage mark is an appropriate and reasonably accurate measure for a mileage offset calculation."  (See Dkt. 10-1, Memo at ECF 17).  However, defendant used the expiration of the 36,000-mile Basic Warranty to arrive at its calculation.  (See Dkt. 1, NOR at ¶ 19 n. 1).  In other words, this is not a case where a defendant merely took the first repair visit to calculate the mileage offset, which would result in a lower offset.